AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of Montana

United States of America
v.
Cecil Jerome Hatchett

Case No: CR-21-41-BLG-SPW-3
USM No: 71119-509

Date of Original Judgment: 05/04/2023
Date of Previous Amended Judgment: 
*(Use Date of Last Amended Judgment if Any)*

appearing pro se
Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Plaintiff's sentence of 60 months is below the low end of the amended guideline range of 63–78 months. As the Supreme Court has explained, "[c]onsistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Dillon v. United States*, 560 U.S. 817, 821 (2010) (quoting U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A)). Accordingly, Hatchett is not eligible for a sentence reduction.

The Court notes that, after applying the 821 Amendment adjustment to Hatchett's status points, Hatchett's criminal history category is II.

Except as otherwise provided, all provisions of the judgment dated 05/04/2023 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 04/19/2024

*Susan P. Watters*
Judge's signature

Effective Date: _____
*(if different from order date)*

Susan Watters, U.S. District Court Judge
Printed name and title